UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-2294-VAP (SP) | Date | November 13, 2020 |
|---|---|---|---|
| Title | GREGORY FORD LYMUEL, JR. v. DAVID HOLBROOK, Warden | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed as Time-Barred and Due to Failure to Fully Exhaust**

On November 2, 2020, petitioner Gregory Ford Lymuel, Jr. filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "Petition"). This court having reviewed the Petition, it appears that the Petition is subject to dismissal as time-barred and because petitioner has not exhausted his state remedies with respect to the all grounds raised in his Petition. The court will not make a final determination regarding whether this federal Petition should be dismissed, however, without giving petitioner an opportunity to address these issues.

Accordingly, the court hereby issues this **Order to Show Cause why the Petition should not be dismissed**, and specifically orders petitioner to respond to the Order to Show Cause in writing by no later than **December 4, 2020**. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act ("AEDPA") mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-2294-VAP (SP) | Date | November 13, 2020 |
|---|---|---|---|
| Title | GREGORY FORD LYMUEL, JR. v. DAVID HOLBROOK, Warden | | |

permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends. By statute, AEDPA's limitation period begins to run from the latest of four possible events:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the time passed for seeking direct review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

AEDPA may also allow for statutory tolling or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." *Id.* In addition, the Ninth Circuit has held that actual, factual innocence provides an exception to the AEDPA statute of limitations. *Lee v. Lampert*, 653 F.3d 929, 934-35 (9th Cir. 2011) (en banc).

In this case, according to the information in the Petition, it appears the judgment became final on October 9, 2012, 90 days after the California Supreme Court denied his petition for review on July 11, 2012. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner does not file a petition for certiorari, his conviction becomes final ninety days after the California Supreme Court denies review). Since petitioner states he has not filed any state habeas petitions, there appears to be no basis for statutory tolling. As such, the one-year limitation period would have expired on October 9, 2013, making the instant Petition untimely by more than seven years, and therefore subject to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-2294-VAP (SP) | Date | November 13, 2020 |
|---|---|---|---|
| Title | GREGORY FORD LYMUEL, JR. v. DAVID HOLBROOK, Warden | | |

dismissal as time-barred.

If petitioner contends his Petition is not time-barred, he must file a response to this Order to Show Cause by **December 4, 2020** in which he demonstrates why his Petition is in fact not barred by AEDPA's statute of limitations. If petitioner concedes that his Petition is time-barred, he may file a request for voluntary dismissal as discussed below.

### The Exhaustion Requirement

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. *O'Sullivan*, 526 U.S. at 845.

For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *Gatlin v. Madding*, 189 F.3d 882,888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." *Gatlin*, 189 F.3d at 888.

In this case, petitioner has raised three purported grounds for relief in his federal habeas Petition: (1) trial court error in not listing a key prosecution witness as a possible accomplice in accomplice jury instructions; (2) trial court error in giving erroneous jury instructions regarding the kill zone; and (3) trial court error with respect to the submission of statistical evidence regarding the death penalty. The Petition indicates that grounds one and two were raised in the Petition for Review to the California Supreme Court, but that ground three was not, and nor was it raised in a state habeas petition. It therefore appears ground three is unexhausted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-2294-VAP (SP) | Date | November 13, 2020 |
|---|---|---|---|
| Title | GREGORY FORD LYMUEL, JR. v. DAVID HOLBROOK, Warden | | |

The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims."). But the court will not rule on this matter without first giving the petitioner an opportunity to respond.

## **Petitioner's Options**

**Option 1:**

If petitioner contends that his Petition is not time-barred, and that he has in fact exhausted his state court remedies on all the grounds raised in his federal habeas Petition, he should clearly explain this in a written response to this Order to Show Cause. The written response must be filed on or before **December 4, 2020**. Petitioner should attach to his response copies of any documents establishing that his Petition is not time-barred, and that ground three is indeed exhausted.

**Option 2:**

Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for petitioner's convenience.** The court advises petitioner, however, that if petitioner should later attempt to again raise any dismissed claims in subsequent habeas petition, those claims may be time-barred under the statute of limitations in 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."), if they are not already.

**Option 3:**

Petitioner may request a voluntary dismissal of only the unexhausted claim (ground three), and elect to proceed on only his exhausted claims (grounds one and two). **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The court advises petitioner, however, that if petitioner elects to proceed now with only grounds one and two, any future habeas petition containing ground three or other claims that could have been raised in the instant petition may be rejected as successive (or may be time-barred). (Of course, petitioner will be able to proceed on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-2294-VAP (SP) | Date | November 13, 2020 |
|---|---|---|---|
| Title | GREGORY FORD LYMUEL, JR. v. DAVID HOLBROOK, Warden | | |

grounds one and two only if they are not already time-barred.)

## Option 4:

Pursuant to *Rhines v. Weber*, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), petitioner may ask the court to stay all of the claims in a mixed petition while petitioner returns to the state courts to exhaust his already pled but unexhausted claims. To obtain a stay of this case pursuant to *Rhines*, petitioner is required to: (a) show good cause for his failure to exhaust ground three in state court earlier; and (b) show that ground three is not "plainly meritless." *See id.* at 277. (Petitioner also may request a *Rhines* stay, and include a notice that, if the court denies the *Rhines* stay, he alternatively selects one of the other options.)

## Option 5:

Pursuant to *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), petitioner may dismiss ground three and ask the court to stay his remaining, fully exhausted claims while he returns to the state courts to exhaust his dismissed claims. The court advises petitioner, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, a petitioner may only amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. *Mayle v. Felix*, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). (Petitioner also may request a *Kelly* stay, and include a notice that, if the court denies the *Kelly* stay, he alternatively selects one of the other options.)

## Caution

Petitioner is cautioned that if he requests a stay and the court denies the request for a stay, or if petitioner contends that he has in fact exhausted his state court remedies on all grounds and the court disagrees, the court may recommend that his petition be dismissed as a mixed petition. Accordingly, as noted above, petitioner may select options in the alternative. **In addition, even if petitioner is requesting a stay or dismissing only some of his claims, he must also address whether the Petition is time-barred.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 20-2294-VAP (SP) | Date | November 13, 2020 |
|---|---|---|---|
| Title | GREGORY FORD LYMUEL, JR. v. DAVID HOLBROOK, Warden | | |

    In sum, in order to select Option 1, petitioner must file a response to this Order to Show Cause. In order to select Options 2 or 3, petitioner may file the attached Notice of Dismissal form and fill it out according to his choice. In order to select Options 4 or 5, petitioner must file a written response requesting a stay pursuant to either *Rhines* or *Kelly*. With Options 1, 4, or 5, petitioner may select an alternative option in the event the court finds certain claims unexhausted and/or denies the request for a stay. And with Options 1, 3, 4, and 5, petitioner must also address whether the petition is time-barred. Whichever option petitioner selects, petitioner must file and serve the responding document clearly stating the option selected ***no later than December 4, 2020***.

    **The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed with prejudice as time-barred, or without prejudice as a mixed petition, for failure to prosecute, and/or for failure to obey court orders.**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  | CASE NUMBER |
|---|---|
| Plaintiff(s), |  |
| v. |  |
| Defendant(s). | **NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 41(a) or (c)** |

PLEASE TAKE NOTICE: (*Check one*)

☐ This action is dismissed by the Plaintiff(s) in its entirety.

☐ The Counterclaim brought by Claimant(s) _____ is dismissed by Claimant(s) in its entirety.

☐ The Cross-Claim brought by Claimants(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ The Third-party Claim brought by Claimant(s) _____ is dismissed by the Claimant(s) in its entirety.

☐ **ONLY** Defendant(s) _____
is/are dismissed from (*check one*) ☐ Complaint, ☐ Counterclaim, ☐ Cross-claim, ☐ Third-Party Claim brought by _____.

The dismissal is made pursuant to F.R.Civ.P. 41(a) or (c).

_____          _____
*Date*                                                        *Signature of Attorney/Party*

NOTE: **F.R.Civ.P. 41(a): This notice may be filed at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.**

**F.R.Civ.P. 41(c): Counterclaims, cross-claims & third-party claims may be dismissed before service of a responsive pleading or prior to the beginning of trial.**